IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS RAUL DÍAZ-MORALES, et al,<br><br>**Plaintiffs,**<br><br>v.<br><br>UNIVERSIDAD DE PUERTO RICO, et al,<br><br>**Defendants.** | **CIVIL NO. 20-1630 (RAM)** |

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Co-Defendant University of Puerto Rico's ("UPR" or "Defendant") *Motion to Dismiss as per FRCP 12(B)(1 based on Eleventh amendment Immunity* (the "*Motion to Dismiss*") at Docket No. 43. For the reasons detailed below, the *Motion* is **GRANTED**.

### I. BACKGROUND

On November 11, 2020, Plaintiffs Luis Raul Diaz-Morales ("Diaz-Morales"), his wife Auroria Diaz-Vargas, and the legal partnership constituted between them (collectively "Plaintiffs") filed a *Complaint* against the UPR and its insurer Triple-S Propiedad Inc ("Triple-S"). (Docket No. 1). Diaz claims that when visiting the Hospital Universitario de Adultos to receive treatment for a postoperative infection after a bone graft procedure, he tripped and fell due to an uneven surface in the

hallway. Id. at 3-4. Diaz's mandible was allegedly damaged by the fall, causing him to have pain as well as difficulty eating and talking. Id. at 4. Diaz argues that the unstable and unsecure conditions of the UPR's hallway were the proximate cause of his damages. Id. at 5. Accordingly, Plaintiffs seek $1,000,000 from the UPR and/or its insurer Triple-S. Id. at 5-6.

On February 15, 2023, Defendant subsequently filed a *Motion to Dismiss* asserting that courts have repeatedly held that the UPR has been conferred Eleventh Amendment immunity, also known as sovereign immunity, and thus the Court lacked jurisdiction to view Plaintiffs' claims.[1] (Docket No. 43). Plaintiffs failed to file a timely response and the *Motion to Dismiss* was deemed as unopposed. (Docket No. 52).

## II.   MOTION TO DISMISS STANDARD

Federal courts are deemed courts "of limited jurisdiction, limited to deciding certain cases and controversies." Belsito Commc'ns, Inc. v. Decker, 845 F.3d 13, 21 (1st Cir. 2016). The "party asserting jurisdiction has the burden of demonstrating its existence." Lopez-Ramos v. Cemex de Puerto Rico, Inc., 2020 WL 4224190, at *2 (D.P.R. 2020) (quotation omitted). Pursuant to Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss an action for

---

[1] The Court notes that sovereign immunity "is a jurisdictional defense that may be raised for the first time in the court of appeals." Larson v. United States, 274 F.3d 643, 648 (1st Cir. 2001) (citations omitted).

lack of subject matter jurisdiction. Specifically, "[a] sovereign immunity challenge may be brought under Rule 12(b)(1)." Velez-Acevedo v. Centro de Cancer de la Universidad de Puerto Rico, 2021 WL 2785496, at *2 (D.P.R. 2021).

When analyzing a Rule 12(b)(1) motion, the court must "accept the well-pleaded facts alleged in the complaint as true and ask whether the plaintiff has stated a plausible claim that the court has subject matter jurisdiction." Cebollero-Bertran v. Puerto Rico Aqueduct & Sewer Auth., 4 F.4th 63, 69 (1st Cir. 2021) (citation omitted). "If a Rule 12(b)(1) motion contests factual allegations of the complaint, the court must engage in judicial factfinding to resolve the merits of the jurisdictional claim." Id.

### III. DISCUSSION

The Eleventh Amendment to the Constitution of the United States of America provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

While Puerto Rico is not one of the fifty states, it "is generally considered a state" "for legal purposes." Perez-Rodriguez v. Camden Cnty. Sheriff's Dep't, 2007 WL 9761316, at *5 n.2 (D.P.R. 2007) (collecting cases). Particularly relevant here is the First Circuit's longstanding treatment of Puerto Rico as a

state for Eleventh Amendment purposes. As the First Circuit has explained, Puerto Rico's "government has always been considered a sovereign entity entitled to immunity from suit without consent." Maysonet-Robles v. Cabrero, 323 F.3d 43, 53 (1st Cir. 2003) (citing Porto Rico v. Rosaly Y Castillo, 227 U.S. 270, 273 (1913)). Therefore, "[a]lthough a Puerto Rican statute authorizes tort actions against defendants, sovereign immunity likewise precludes federal jurisdiction of a tort action for damages against the government of Puerto Rico." Dogson v. Univ. of Puerto Rico, 26 F. Supp. 2d 341, 344 (D.P.R. 1998); *see also* Cardona Roman v. Univ. of Puerto Rico, 799 F. Supp. 2d 120, 129 (D.P.R. 2011) ("States cannot be sued for monetary damages in federal court unless the state being sued waives its Eleventh Amendment immunity or consents to being sued.").

*The First Circuit and this District have consistently held that the UPR is entitled to eleventh amendment immunity.* See Irizarry-Mora v. Univ. of Puerto Rico, 647 F.3d 9 (1st Cir. 2011); Cardona Roman, 799 F. Supp. 2d at 130; Montalvo-Padilla v. Univ. of P.R., 492 F. Supp. 2d 36, 43 (D.P.R.), on reconsideration, 498 F. Supp. 2d 464 (D.P.R. 2007) ("The First Circuit and this District have consistently held that the U.P.R. is an instrumentality of the state for Eleventh Amendment purposes and, as such, is not amenable to suit in federal court."). Vizcarrondo v. Bd. of Trustees of Univ. of Puerto Rico, 139 F. Supp. 2d 198, 201-02

(D.P.R. 2001) (holding that the fact that the UPR has the power to sue and be sued "does not strip the University of its Eleventh Amendment immunity); *see also* 13 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, Federal Practice & Procedure § 3524.2, at 325-32 (2008) (noting that state universities are usually considered arms of the state).

In Irizarry-Mora, the First Circuit concluded that the UPR is entitled to Eleventh Amendment immunity because is an arm-of-the-state given its structure, important public role, and impact on the Commonwealth of Puerto Rico's treasury. *See* Irizarry-Mora, 647 F.3d at 14-17. ("the Commonwealth's investment, financial and otherwise, in the UPR's ability to fulfill its 'obligation of service to the people of Puerto Rico,' ... puts Commonwealth funds at risk when University funds are at risk.").

Plaintiff failed to file a timely response to the *Motion to Dismiss* and thus, did not address any of the aforementioned case law. In light of binding precent, and in the absence of any applicable exception, the Court concludes that: (1) the UPR is entitled to eleventh amendment immunity; (2) this immunity was not waived; and (3) the Court thus lacks jurisdiction to address Plaintiffs claims.

## IV. CONCLUSION

For the foregoing reasons, Defendants' *Motion to Dismiss* at Docket No. 43 is **GRANTED**. The totality of Plaintiffs' claims

against the UPR are **DISMISSED WITH PREJUDICE**. Pursuant to Section 20.050(2) of the Insurance Code of Puerto Rico, Plaintiffs' claims as to co-defendant Triple-S remain pending. *See* P.R. Laws Ann. tit. 26, § 2004(2) (establishing that liability insurance policies providing coverage to the Commonwealth of Puerto Rico and its political subdivisions "shall not assert the defense of governmental immunity in any action brought against the insurer under or by virtue of such policy.").

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of April 2023.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge