IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS RAUL DÍAZ-MORALES, et al,<br><br>**Plaintiffs**,<br><br>v.<br><br>UNIVERSIDAD DE PUERTO RICO, et al,<br><br>**Defendants**. | **CIVIL NO. 20-1630 (RAM)** |

**MEMORANDUM AND ORDER**[1]

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendants University of Puerto Rico ("UPR") and Triple-S Propiedad Inc.'s ("Triple-S" or "Defendant") *Motion for Summary Judgment*. (Docket No. 44). For the following reasons, the *Motion* is **GRANTED IN PART** and **DENIED IN PART**.

I.   BACKGROUND

On November 11, 2020, Plaintiffs Luis Raul Diaz-Morales ("Diaz-Morales"), his wife Aurora Diaz-Vargas, and the legal partnership constituted between them (collectively "Plaintiffs") filed a *Complaint* against the UPR and its insurer Triple-S. (Docket No. 1). Diaz claims that when visiting the Hospital Universitario de Adultos to receive treatment for a postoperative infection after

---

[1] Mónica Muñiz-Pedrogo, a third-year law student at University of Puerto Rico School of Law, assisted in the preparation of this Opinion and Order.

a bone graft procedure, he tripped and fell due to an uneven surface in the hallway. Id. at 3-4. Diaz's mandible was allegedly damaged by the fall, causing him to have pain as well as difficulty eating and talking. Id. at 4. Diaz argues that the unstable and unsecure conditions of the UPR's hallway were the proximate cause of his damages. Id. at 5. Accordingly, Plaintiffs seek $1,000,000 from the UPR and/or its insurer Triple-S. Id. at 5-6.

The UPR filed a *Motion to Dismiss* asserting it has been conferred Eleventh Amendment immunity, also known as sovereign immunity, and thus the Court lacked jurisdiction to view Plaintiffs' claims. (Docket No. 43). The Court ultimately granted the UPR's Motion to Dismiss but noted that pursuant to Section 20.050(2) of the Insurance Code of Puerto Rico, Plaintiffs' claims as to co-defendant Triple-S remain pending. (Docket No. 66).

On February 15, 2023, Defendants filed the pending *Motion for Summary Judgment*. (Docket No. 44). Defendant argues that the Court should grant summary judgment since Plaintiffs (1) did not contest Defendant's statement of facts; (2) have not filed evidence connecting Diaz-Morales' injuries to aforementioned uneven hallway; and (3) are not entitled to punitive damages under the Puerto Rico Civil Code of 1930. Plaintiffs failed to respond and the Court ultimately deemed as unopposed Defendant's *Motion for Summary Judgment* as well as its accompanying Statement of Uncontested Material Facts at Docket No. 53. (Docket No. 62).

## II.  DISCUSSION

### A. Failure to Dispute Defendant's Facts

Although the *Motion for Summary Judgment* is unopposed, summary judgment is not automatically granted when the movant's facts go uncontested. *See* Kaden v. Wyndham El Conquistador Resort & Country Club, 2005 WL 1949694, at *2 (D.P.R. 2005) (*citing* Mercado-Alicea v. P.R. Tourism Co., 396 F.3d 46. 50 (1st Cir. 2005)). In other words, failure to oppose a motion for summary judgment does not perforce lead to entry of such summary judgment against the non-movant. Id. (*citing* Kelly v. U.S., 924 F.2d 355, 358 (1st Cir. 2005)).

### B. Lack of Evidence of Defendant's Non-liability

Defendant argues that the Court should grant the *Motion for Summary Judgment* because Plaintiffs failed to provide evidence of the origin of Diaz's injuries. However, the Court concludes that the record provided at this stage is insufficient to definitively establish that the UPR did not incur in negligence or otherwise contribute to Plaintiffs' damages.

Defendant's Statement of Uncontested Facts is largely supported by leading questions. *See* Lucero v. U.S., 2002 wl 35650045, at *5-6 (D. N.N. 2002) (holding that the deposition testimony relied upon by defendant's summary judgment was "elicited through leading questions" and thus "does not present the type of evidence that would be usable at trial for purposes of

providing the proximate cause"). However, even if the Court were to sidestep Defendant's heavy reliance on leading questions, there are other grounds to deny the Motion for Summary Judgment.

Triple-S recognizes that the UPR has a legal responsibility to maintain their facilities in safe condition. (Docket No. 44 at 8); *see* Cline v. Puerto Rico Ports Auth., 620 F. Supp. 2d 233, 237 (D.P.R. 2008) (noting that "the Puerto Rico Supreme Court concluded that the owner or operator of a commercial establishment has a duty to exercise reasonable care to maintain those areas that are accessible to the public, so as to avoid injury to its patrons") (quoting Soc. Gananciales v. G. Padín Co., Inc., 117 D.P.R. 94, 104 (1986)). Nevertheless, Defendant failed to submit any evidence as to the nature of the allegedly dangerous hallway, the UPR's maintenance efforts, or any effort made to notify any unsafe condition to visitors. Houston v. Frog's Rest., LLC, 513 F. Supp. 3d 235, 240 (D.P.R. 2021) ("[a] commercial establishment is thus liable for the damages suffered by its clients or guests due to hazardous conditions that were known or should have been known by the owner or operator of the commercial establishment") (quoting Cline, 620 F. Supp. 2d at 236).

Defendant makes much ado about Ms. Diaz being attentive to her ailing husband rather than her surroundings. (Docket No. 53 ¶ 21). This assertion at best would support a finding of comparative negligence. Moreover, even if Plaintiffs' negligence were to reach

the level of absorption of fault, that question should be left to the jury. *See e.g.*, Marshall v. Perez Arzuaga, 828 F.2d 845, 849 (1st Cir. 1987) ("Not only ordinary fact questions, but also "evaluative applications of legal standards (such as the concept of legal 'foreseeability') to the facts" are properly jury questions. In any case where there might be reasonable difference of opinion as to evaluative determinations ... the question is one for the jury."); Hercules Powder Co. v. Costa, 289 F.2d 571 (1st Cir. 1961) (finding that questions of negligence and contributory negligence were questions for the jury in a slip and fall case). Therefore, Defendant's *Motion for Summary Judgment* as to negligence and liability is **DENIED**.

### C. Applicability of Punitive Damages

In the case at bar, Plaintiffs seek punitive damages. Defendant correctly asserts that the Puerto Rico Civil Code of 2020 is not applicable to the present case, given that the relevant events occurred in 2019. It is well established that if the events of a case occurred before the implementation of the newest Civil Code, then the Puerto Rico Civil Code of 1930 should be applied instead. *See e.g.*, Candelaria-Fontanez v. Federal Bureau of Prisons, 2023 WL 2895150, at *3 (D.P.R. 2023); Fazio v. James River Insurance Company, 2022 WL 6181469, n.1 (D.P.R. 2022); Wiscovitch v. Cruz, 2022 WL 1272153, n.15 (D.P.R. 2022). Importantly, punitive damages were **prohibited** under the Puerto Rico Civil Code of 1930. *See* SLG Pérez-Otero

v. E.L.A., 192 D.P.R. 298 (2015) (citing Guardiola Álvarez v. Depto. De la Familia, 175 D.P.R. 668, 2009)). Accordingly, Defendant's *Motion for Summary Judgment* seeking the dismissal of Plaintiffs' punitive damages claims is **GRANTED**.

### III.   CONCLUSION

For the foregoing reasons, Defendant's *Motion for Summary Judgment* at Docket No. 44 is hereby **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' request for punitive damages is **DISMISSED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of May 2023.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge

!